UNITED STATES COURT OF APPEALS

**Filed 1/2/97**

FOR THE TENTH CIRCUIT

WESLEY OLIVER,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security Administration,[*]

      Defendant-Appellee.

No. 96-6141
(D.C. No. CIV-95-91-R)
(W.D. Okla.)

ORDER AND JUDGMENT[**]

Before PORFILIO, BALDOCK, and HENRY, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Wesley Oliver, proceeding pro se, appeals from an order of the district court affirming the Secretary's determination that he is not entitled to disability benefits. Mr. Oliver claimed disability due to problems with his back, feet, legs, shoulder, knees, elbows, arms, and hands, as well as hypertension, shortness of breath, and kidney problems. The administrative law judge (ALJ) determined at step five of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), that Mr. Oliver could perform the full range of sedentary work.

On appeal, Mr. Oliver argues that the ALJ's decision is not supported by substantial evidence as he does not have the residual functional capacity to perform any substantial gainful activity. He also asserts that the Medical-Vocational Guidelines are overwhelmingly unfavorable to claimants under the age of fifty and one doctor's report was not given the proper weight. He contends that the hearing was inadequate because (1) it lasted only fifteen minutes, (2) he was not questioned, and (3) a vocational expert's testimony was necessary. Finally, Mr. Oliver asserts he cannot afford the recommended treatment.

We have reviewed parties' briefs and the record under the applicable standard. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). We see no reversible error.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED for substantially the reasons set forth therein. The mandate shall issue forthwith.

Entered for the Court


Bobby R. Baldock
Circuit Judge